J-S45033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES P. MCNULTY :
:
Appellant : No. 866 EDA 2022

Appeal from the PCRA Order Entered February 3, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0003422-2014

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 27, 2023**

James P. McNulty (Appellant) *pro se* appeals from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

On March 26, 2015, the trial court convicted Appellant of 50 counts of possessing child pornography, two counts of sexual abuse of children, and one count of criminal use of a communications facility.[2] On May 28, 2015, the trial court sentenced Appellant to an aggregate 4 – 8 years in prison followed by 10 years of probation.

---

[1] Appellant's "status as a *pro se* litigant does not entitle him to any advantage," and he "must still comply with the Pennsylvania Rules of Appellate Procedure." ***Commonwealth v. Ray***, 134 A.3d 1109, 1114-15 (Pa. Super. 2016) (citations omitted).

[2] 18 Pa.C.S.A. §§ 6312(d), (c), and 7512(a), respectively.

Appellant filed a direct appeal and this Court affirmed his judgment of sentence. ***Commonwealth v. McNulty***, 1767 EDA 2015 (Pa. Super. Mar. 4, 2016) (unpublished memorandum). Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

On June 29, 2016, Appellant filed a first counseled PCRA petition, which he withdrew on July 14, 2016. On February 28, 2017, Appellant filed a second counseled PCRA petition. The PCRA court conducted a hearing and denied relief on January 24, 2019. Appellant appealed the denial of PCRA relief, and this Court affirmed. ***Commonwealth v. McNulty***, 236 A.3d 1066 (Pa. Super. Apr. 27, 2020) (unpublished memorandum). Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

On December 6, 2021, Appellant *pro se* filed the underlying PCRA petition. On December 22, 2021, the PCRA court issued notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed the petition on February 3, 2022. Appellant filed a notice of appeal on March 21, 2022, more than 30 days later. ***See*** Pa.R.A.P. 903(a) (requiring appeals to be filed "within 30 days after the entry of the order from which the appeal is taken."). On April 21, 2022, this Court issued a rule upon Appellant to show cause why we should not quash the appeal as untimely. ***See, e.g., Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) ("Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." (citation omitted)).

Appellant, who is incarcerated, filed a response claiming he placed his notice of appeal in prison mail on February 21, 2022. Response, 5/3/22, at 1-8 (unnumbered). This Court discharged the Rule.

The timeliness of an appeal invokes this Court's jurisdiction. "When a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." ***Commonwealth v. Pena***, 31 A.3d 704, 706 (Pa. Super. 2011) (citation omitted). Time limitations on appeals are strictly construed. ***See Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2015). A party must file the notice of appeal with the clerk of the trial court; upon "receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3).

Under the prisoner mailbox rule, a *pro se* prisoner's submissions are deemed filed on the date delivered to prison authorities for mailing. ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021); Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.").

Appellant claims he placed his notice of appeal in prison mail on February 21, 2022. Response, 5/3/22, at 1-8 (unnumbered). However, the notice of appeal has no postmark and prison authorities did not confirm the date of mailing. *See* Inmate's Request to Staff Member, 4/26/22 (completed by prison staff and stating, "Because there were no cash slips the mail room would not have a record."). Notably, Appellant concedes he sent his notice of appeal to the PCRA court rather than the clerk of courts. Response, 5/3/22, at 2 (unnumbered); *see also* Pa.R.A.P. 905(a).

Our review reveals another procedural deficiency. Although Appellant received the PCRA court's order and has not challenged service, the court docket does not conform with Pa.R.Crim.P. 114 (Order and Court Notices: Filing; Service; and Docket Entries). Rule 114(C)(2)(c) states that "docket entries shall contain … the date of service of the order …." Here, the record contains the order with a certificate of service attached stating the order was mailed to Appellant on February 3, 2022. However, the **docket** does not indicate when the order was served. In these circumstances, we may find a breakdown in the court process. *See Commonwealth v. Braykovich*, 664 A.2d 133, 136, 137 (Pa. Super. 1995) ("It is well-established that the extension of the filing period or the allowance of an appeal *nunc pro tunc* will be permitted only in extraordinary circumstances, namely, fraud or some breakdown in the processes of the court"). *See also Commonwealth v. Carter*, 122 A.3d 388, 390-92 (Pa. Super. 2015) (appeal period does not run

until the clerk of court mails or delivers copies of the order to the parties as shown on the docket); and *see Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (no indication on trial court docket that clerk furnished a copy of the final order to appellant; this Court "assume[d] the period for taking an appeal was never triggered," and the appeal was considered timely).

We reviewed a similar situation in *Commonwealth v. Ferguson*, 239 A.3d 115 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 244 A.3d 1226 (Pa. 2021).[3] In *Ferguson*,

> [The appellant] mistakenly "filed" his notice of appeal directly with the PCRA judge. Mailing a document to a judge's chambers does not constitute filing and to "file" a notice of appeal, the appellant at a minimum must deliver the notice of appeal to the clerk of the lower court. [*Commonwealth v.*] *Crawford*, 17 A.3d [1279,] 1282 [(Pa. Super. 2011)]. Indeed, **"while the prisoner mailbox rule uses the term 'filed,' the document must at least be addressed to a proper filing office within the Unified Judicial System in order to complete the filing."** *Id.*

*Id.* at *2 (emphasis in original).

We observed, "Ordinarily, [the appellant's] failure to file a timely notice of appeal would result in immediate quashal of the appeal." *Id.* However, the record also revealed "the PCRA court did not adequately comply with the

---

[3] Non-precedential Superior Court decisions may be cited as persuasive authority pursuant to Pa.R.A.P. 126(b)(2).

- 5 -

service requirements of Pa.R.Crim.P. 907(4) when it dismissed the subject PCRA petition." *Id.*[4] This Court concluded:

> In these circumstances, we decline to quash [the] appeal as untimely due to the PCRA court's failure to follow the directives of Rule 907. Accordingly, we will proceed to consider [the] appeal.

*Id.* (citation and footnote omitted).

Consistent with the foregoing authority, we consider this appeal. We review "the PCRA court's findings of fact to determine whether they are supported by the record, and … its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz,* 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the judgment becoming final unless a statutory exception applies. 42 Pa.C.S.A. § 9545(b)(1). A petitioner invoking an exception must do so within a year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely and the petitioner has not pled and

---

[4] Rule 907(4) provides that when a PCRA court dismisses a petition without a hearing, it must advise the petitioner of the right to appeal and the time for initiating an appeal "by certified mail, return receipt requested." Pa.R.Crim.P. 907(4).

proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Appellant presents four claims concerning the denial of his request for a forensic expert and witness credibility. Appellant's Brief at 9-10. We lack jurisdiction to review these claims because Appellant's petition is untimely. *See* PCRA Court Opinion, 2/3/22, at 9.[5] Appellant filed his PCRA petition nearly 5 years after his judgment of sentence became final. *See id*. The PCRA court properly concluded it was "procedurally barred from conducting a merit analysis" of the petition. *Id.* at 10 (explaining newly-discovered facts exception was inapplicable because facts were known to Appellant in 2018). The PCRA court further addressed — "for the benefit of any future proceedings" — Appellant's substantive claims. *Id.* at 10-11 (explaining the claims were previously litigated in Appellant's second PCRA petition and lacked merit). Accordingly, no relief is due.

Order affirmed.

---

[5] The Commonwealth agrees Appellant's petition is untimely and does not satisfy an exception to the PCRA time-bar. Commonwealth Brief at 8. The Commonwealth also argues that even if timely, Appellant's "issues fail because they were previously litigated and deemed meritless." *Id.*

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/27/2023